```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
 SUZANNE LUCAS,                                              :
                                                             :
                                                             :
                                       Plaintiff,            :
                                                             :         24-CV-7561 (VEC)
                          -against-                          :
                                                             :         OPINION & ORDER
 HARTFORD LIFE AND ACCIDENT                                  :
 INSURANCE COMPANY,                                          :
                                                             :
                                                             :
                                       Defendant.            :
-------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff Suzanne Lucas brought this action pursuant to Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, challenging the decision by her long-term disability insurer, Defendant Hartford Life and Accident Insurance Company ("Hartford"), to terminate her benefits. Hartford moved for leave to file a motion to stay the case and remand Plaintiff's claim to Hartford for further review or, in the alternative, for summary judgment. *See* Mar. 18, 2025, Mot. for Leave (the "Motion" or "Mot."), Dkt. 30. Following a status conference, the Court issued an Order to Show Cause, Dkt. 41, why the Court lacks legal authority to remand Plaintiff's claim to Hartford for further consideration and development of the administrative record and to stay the case pending Hartford's determination on remand. Plaintiff argued that the Court lacks authority to do so, *see* Pl. Mem., Dkt. 47, and Hartford argued that the Court has such authority, *see* Def. Mem., Dkt. 51. The Court DENIES IN PART Hartford's Motion to the extent it seeks to remand Plaintiff's claim to Hartford, but GRANTS IN PART Hartford's Motion to the extent it seeks leave to move for summary judgment on the ground that Plaintiff failed to exhaust her administrative remedies.

## BACKGROUND

Plaintiff is the beneficiary of a long-term disability policy administered by Hartford. Compl., Dkt. 1 ¶ 3. In 2021, Hartford began providing benefits to Plaintiff after she claimed that she had a chronic disability that prevented her from working. *Id.* ¶¶ 21, 26; Mazzola Decl., Dkt. 52, Ex. A at 49.[1]

In January 2024, Hartford notified Plaintiff that she was required to participate in an independent medical examination ("IME") so that Hartford could determine whether she remained unable to work. *Id.* Plaintiff appeared for the IME, but refused to allow the examiner to make a copy of her photo identification and refused to sign certain paperwork. *Id.* Plaintiff left the IME before it was completed, noting that her attorney had advised her not to stay at the appointment for longer than one hour. *Id.*

The following month, Hartford notified Plaintiff that it would be terminating her long-term disability benefits. *See id.* at 46–51 (the "Denial Letter"). The Denial Letter explained that Hartford was unable to determine whether she still qualified for benefits in light of the incomplete information it had gathered during the aborted IME. *Id.* at 49–50. The Denial Letter also noted that, pursuant to ERISA, Plaintiff has "the right to appeal [Hartford's] decision and receive a full and fair review." *Id.* at 50. The Denial Letter directed Plaintiff to "[p]lease send [her] appeal letter" to a P.O. Box in Kentucky and advised her that she must file her appeal

---

[1] For clarity, the Court cites to the ECF-provided pagination of the various exhibits. Both parties have submitted exhibits in support of their respective submissions that contain portions of either the claim file, *see* Apr. 24, 2025, Delott Decl., Dkt. 46, Ex. A; June 12, 2025, Delott Decl., Dkt. 53, Ex. A, or the administrative record, *see* Mazzola Decl, Ex. A. Their attorneys' supporting declarations, however, contain no explanation for how the materials were excerpted or what each excerpt contains. The result is a trio of unwieldy documents that each appear to contain many discrete sub-documents. Additionally, portions of the administrative record are scanned in such a way that the text is difficult, if not impossible, to read. *See, e.g.*, Mazzola Decl. Ex. A. at 63, 81, 91. The Court will attempt to contextualize the parties' exhibits as best it can, but advises counsel to present evidence in a more intelligible format moving forward.

within 180 days of receipt of the Denial Letter. *Id*. The Denial Letter was signed by Tanya Walsh, the claims specialist at Hartford assigned to Plaintiff's case. *Id.* at 51.

Plaintiff's counsel communicated with Ms. Walsh about Plaintiff's claim both before and after she sent the Denial Letter. *See, e.g.*, Delott Decl., Dkt. 46, Ex. A at 40–43 (email correspondence between Plaintiff's law firm and Ms. Walsh in January 2024); *id.* at 31–34 (letter from Plaintiff's counsel to Ms. Walsh in March 2024); *id.* at 13–30 (email correspondence between Plaintiff's law firm, Ms. Walsh, and another Hartford employee between April 2024 and June 2024). In June 2024, following extensive email correspondence with Plaintiff's counsel in which his office quarreled with Ms. Walsh and others in her unit, Jamie Rivera, who was Ms. Walsh's manager, advised him that the next step would be to "submit the formal appeal,"[2] that "there will be no further communication from [her]," and that "[o]nce the appeal letter is received, [Plaintiff's] claim will be forwarded to the appeal department for further handling." *Id.* at 13.

Plaintiff initiated this action in October 2024, claiming that Hartford's termination of benefits violated ERISA. *See* Compl. ¶¶ 128–47. In the Complaint, Plaintiff alleged, among other things, that she had appealed Hartford's decision "[b]y letter dated August 20, 2024." *Id.* ¶ 106. She further alleged that Hartford "failed to decide" whether she was entitled to benefits within 45 days of her appeal as required by ERISA's associated regulations. *Id.* ¶ 127; 29 C.F.R. §§ 2560.503–1(i)(1)(i), (3)(i).

---

[2] There are numerous earlier emails from Walsh and Rivera reminding Plaintiff's attorney that the next step was to file a formal appeal. *See, e.g.*, Delott Decl. Ex. A at 24 (May 21, 2024, email from Walsh reading, "The decision has been rendered on the claim and the next step is to file an appeal. Any questions that you may have can be addressed in your formal appeal."); *id.* at 17 (May 23, 2024, email from Rivera reading, "The decision has been made on the claim and if you disagree, please submit your formal appeal and once it is received, it will be sent to the appeals department for handling.").

Hartford maintains that it did not receive, and was not aware of, Plaintiff's appeal. Def. Mem. at 1–2. According to Hartford, it was not until a January 15, 2025, teleconference with the Court that Plaintiff's counsel disclosed that he had sent Plaintiff's appeal via email to Ms. Walsh, rather than via United States mail to the P.O. Box identified in the Denial Letter. *Id*. at 2. Following the teleconference, Hartford claims that it was able to find the email containing the appeal. *Id*.

After locating the email, Hartford proposed to Plaintiff that this case be stayed and Plaintiff's claim be remanded to Hartford for review on the merits. *See* Mot. at 3, Ex. B. Plaintiff declined the offer. *Id.* at 3.

Shortly thereafter, Plaintiff filed two motions for partial summary judgment, Dkts. 28, 32, which the Court denied without prejudice because they were filed without leave of the Court. *See* Mar. 18, 2025, Order, Dkt. 34; Mar. 19, 2024, Order, Dkt. 35. Around the same time, Hartford moved for leave to file a motion to stay the case and remand Plaintiff's claim to Hartford for further consideration on the merits, or, in the alternative, for summary judgment on the ground that Plaintiff failed to exhaust her administrative remedies as required by ERISA. *See* Mot. at 1. Following a status conference, the Court ordered Plaintiff to show cause why the Court "lacks legal authority to remand Plaintiff's claim to Hartford for further consideration and development of the administrative record and to stay the case pending Hartford's determination on remand." Order to Show Cause at 1. Plaintiff has argued that the Court lacks such authority, *see* Pl. Mem., and Hartford has argued that the Court has such authority, *see* Def. Mem.

## DISCUSSION

### I. The Court Declines to Remand Plaintiff's Claim to Hartford

When a court finds that an insurer subject to ERISA has erroneously denied benefits to a plan participant, courts are generally reticent to "substitute [their] own judgment" for that of the

4

insurer; rather, they "return the claim [to the insurer] for reconsideration unless [they] conclude that there is no possible evidence that could support a denial of benefits." *Miles v. Principal Life Ins. Co.*, 720 F.3d 472, 490 (2d Cir. 2013) (internal quotation marks omitted); *see also Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995) (when a court finds that an insurer's denial of benefits was arbitrary and capricious, it must remand the claim to the insurer unless doing so would be a "useless formality"). The purpose of remand is to give the insurer "the opportunity to consider the evidence under the appropriate legal standards" and to provide the beneficiary with "a full and fair reconsideration of [her] claim." *Miles*, 720 F.3d at 490.

This case appears to be an obvious candidate for remand. Far from arguing that "there is no possible evidence that could support a denial of benefits," *id.*, Plaintiff's claims focus primarily on perceived procedural irregularities in Hartford's review process. *See, e.g.*, Compl. ¶ 130 ("Hartford has a conflict of interest arising from its dual role of claim administrator and claim payer."); *id.* ¶ 133 ("Hartford failed to use a reasonable claim process when reviewing Ms. Lucas' LTD appeal."); *id.* ¶ 142 ("In issuing claim denials and terminations that fail to use a neutral review process, Hartford failed to provide reasonable claim procedures . . . ."). In cases involving alleged violations of an insurance beneficiary's "procedural rights" pursuant to ERISA, "the typical remedy is remand for further administrative review." *See Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008).

Nevertheless, the Court declines to remand Plaintiff's claim to Hartford. As discussed, remand to the insurer is typically a "remedy" that courts impose "after review of an ERISA benefits determination." *Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan*, 217 F. Supp. 3d 608, 633–34 (N.D.N.Y. 2016) (collecting cases). The Court has not yet conducted any such review in this case, so it would be premature to impose any remedy — particularly when, as here, Plaintiff emphatically declined the remedy when Hartford offered it directly and has

vigorously opposed the Court's authority to order it. Accordingly, remand will not be ordered at this time.

## II. Hartford's Motion for Leave to File a Motion for Summary Judgment on Exhaustion Grounds is Granted

Having decided against remanding the case, the Court turns to Hartford's alternative request for leave to file a motion for summary judgment on the ground that Plaintiff failed to exhaust her administrative remedies. *See* Mot. at 3–4. Plaintiffs in ERISA actions must satisfy "the judicially created exhaustion requirement, which mandates claimants to pursue their claims through their plan's claims procedure before filing . . . suit in federal court." *Halo v. Yale Health Plan, Dir. of Benefits & Recs. Yale Univ.*, 819 F.3d 42, 55 (2d Cir. 2016); *see also LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 258–59 (2008) (Roberts, C.J., concurring) (exhaustion requirement is a "safeguard" designed to "encourage employers and others to undertake the voluntary step of providing . . . benefits to plan participants"). Administrative exhaustion is a "threshold" duty that, if not fulfilled, constitutes grounds for dismissal. *Neuroaxis Neurosurgical Assocs., PC v. Costco Wholesale Co.*, 919 F. Supp. 2d 345, 349 (S.D.N.Y. 2013).

In her Memorandum, Plaintiff appears to conflate administrative exhaustion, which is a threshold requirement that must be satisfied before the merits can be addressed, with remand, which, as discussed in Part I, *supra*, is a remedy that the Court may order *after* it finds in favor of an ERISA plaintiff on the merits. Specifically, Plaintiff contends that, by failing to decide her appeal within 45 days of her emailing it to Ms. Walsh, Hartford "forfeited its opportunity for any further administrative review." Pl. Mem. at 1; 29 C.F.R. §§ 2560.503-1(*l*)(2)(i)), (i)(1)(i), (3)(i)). This is wrong. Even assuming that Plaintiff is correct that her email to Ms. Walsh triggered Hartford's 45-day deadline to decide appeals, all that would mean is that Hartford's non-

response acted as a denial of Plaintiff's appeal, and hence that Plaintiff has satisfied her administrative exhaustion requirement and is able to bring suit. Such a finding would not prevent the Court from ordering remand to the insurer as a remedy if it ultimately found in Plaintiff's favor on the merits.[3] *See Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 106 (2d Cir. 2005) (insurer's failure to "adhere literally to the regulatory deadlines renders the claimant's administrative remedies exhausted by operation of law and consequently permits the claimant to seek review in the federal courts without further delay").

In her Memorandum, Plaintiff relies chiefly on *McQuillin v. Hartford*, 36 F.4th 416 (2d Cir. 2022), for the proposition that remand to Hartford is precluded. Pl. Mem. at 1–2. In reality, the *McQuillin* court did not address remand at all; rather, it reversed a district court's order dismissing an ERISA complaint for failing to exhaust administrative remedies, finding that the plaintiff's "duty to exhaust had ceased" when the insurer failed to satisfy its regulatory obligation to decide appeals within 45 days. *McQuillin*, 36 F.3d at 419. The circuit remanded the case to the district court for further proceedings without ever addressing the circumstances under which remand *to the insurer* may be appropriate. *Id.* at 420–23. Many of the cases Plaintiff cites in her Memorandum address this same issue of administrative exhaustion without ever addressing the question of remand to the insurer. *See, e.g.*, *McFarlane v. First Unum Life Ins. Co.*, 274 F. Supp. 3d 150, 155–59 (S.D.N.Y. 2017) (denying motion to dismiss for failure to exhaust administrative

---

[3] As discussed in Part I, *supra*, if Plaintiff were to succeed on the merits, remand to Hartford would be the most likely remedy that the Court would impose. In other words, Hartford's proposal (which Plaintiff rejected) would have put Plaintiff in the exact position in which she will likely find herself *if* the Court concludes that she has satisfied the exhaustion requirement *and* is correct on the merits. The only way Plaintiff could possibly secure a better outcome would be if she marshaled some heretofore undisclosed evidence that remand would be a "useless formality," *Miller*, 72 F.3d at 1071, such that she could persuasively argue that the Court should bypass remand and enter an order reinstating her benefits. Neither the Complaint nor Plaintiff's Memorandum contains any indication that such evidence exists.

remedies where the insurer had failed to decide the insured's appeal within 45 days); *Fredrich v. Lincoln Life & Annuity Co. of New York*, 603 F. Supp. 3d 38, 46–48 (E.D.N.Y. 2022) (same).

The Court expresses no view, at this stage, whether Plaintiff has satisfied her duty to exhaust. Given that administrative exhaustion is a threshold requirement that must be resolved before proceeding to the merits, however, the Court finds it appropriate to grant Hartford leave to move for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies. If the Court denies that motion and finds that Plaintiff has satisfied her duty to exhaust, the case will proceed to a bench trial on the merits. *See* Civil Case Management Plan & Scheduling Order, Dkt. 16 ¶ 7 (parties waiving the right to trial by jury).

## CONCLUSION

For the foregoing reasons, the Court declines to remand Plaintiff's claim to Hartford at this time. Hartford's Motion is GRANTED IN PART to the extent it seeks leave to file a motion for summary judgment on the issue of exhaustion. The Clerk of the Court is respectfully directed to terminate the open motion at Dkt. 30.

Not later than **Monday, October 27, 2025**, the parties must meet and confer and file a joint letter proposing a briefing schedule for Hartford's motion for summary judgment. The joint letter should also discuss both parties' positions on (1) whether any additional discovery is needed before briefing the motion for summary judgment, and, if so, and (2) the scope and anticipated timeline for completing such discovery.

**SO ORDERED.**

**Date: October 20, 2025**
**New York, New York**

_____
VALERIE CAPRONI
United States District Judge