**Robinson+Cole**

MEMO ENDORSED

MATTHEW P. MAZZOLA

666 Third Avenue, 20th floor
New York, NY 10017
Main (212) 451-2900
Fax (212) 451-2999
mmazzola@rc.com
Direct (212) 451-2913

Also admitted in Florida and New Jersey

November 21, 2025

Hon. Valerie Caproni
United States District Judge
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/24/2025

Re: **Suzanne Lucas v. Hartford Life and Accident Insurance Company**
**Case No.: 1:24-cv-7561 (VEC)**

Dear Judge Caproni:

      The Law Office of Jeffrey Delott represents Plaintiff Suzanne Lucas, and Robinson & Cole LLP represents Defendant Hartford Life and Accident Insurance Company ("Hartford") in the above-refenced action. We write jointly, pursuant to Fed. R. Civ. P. 5.2(d), Sections 6 and 21 of the S.D.N.Y. Electronic Case Filing Rules & Instructions, and Sections 1.A and 4.A of Your Honor's Individual Rules of Practice in Civil Cases, to request entry of an order permitting Defendant to file a non-redacted version of the exhibits to the Declaration of Jamie Lunemann submitted in support of its Motion for Summary Judgment under seal for judicial review with the Clerk of the Court. Specifically, Defendant seeks to file the following documents under seal:

- The Administrative Record[1] in this matter, which includes 1027 pages and surveillance video footage; and
- The email from Jeffrey Delott dated August 20, 2024 containing a link to Lucas' appeal and the appeal documents themselves, which include 221 pages.

District courts within the Second Circuit "enjoy considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in federal courts." *Grayson v. Gen. Elec. Co.*, 2015 WL 1867736, at *1 (D. Conn. Apr. 23, 2015) (citing *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000)).

---

[1] The parties dispute whether the Plaintiff's email containing a link to her appeal submission, and the documentation in the link itself, should be included as part of the Administrative Record and thus, those documents are discussed separately.

Boston | Hartford | New York | Washington, DC | Providence | Miami | Austin | Stamford | Wilmington | Philadelphia | Los Angeles | Albany

rc.com | Robinson & Cole LLP

**Robinson+Cole**

Hon. Valerie Caproni
November 21, 2025
Page 2

Good cause exists to seal the documents referenced above, which spans nearly 1228 pages and contains video footage of the Plaintiff. The documents are replete with information regarding Plaintiff's medical conditions, diagnosis and treatment that may be protected health information ("PHI") under the Health Insurance Portability and Accountability Act ("HIPAA") and the surveillance video captures images of people other than the Plaintiff. *See, e.g., S.W. on behalf of A.W. v. New York City Dep't of Educ.*, No. 22 CIV. 3592 (LGS), 2023 WL 5803415, at *10 (S.D.N.Y. Sept. 7, 2023) (granting motion to seal administrative record because "the Record is voluminous and permeated with confidential information" and "[r]edacting the Record would be unduly burdensome"); *J.M. v. United Healthcare Ins.*, No. 21 CIV. 6958 (LGS), 2023 WL 6542179, at *2 (S.D.N.Y. Sept. 29, 2023) (granting motion to "seal the entire Administrative Record, which contains highly sensitive personal and medical information of Plaintiff M.M."); *Valentini v. Grp. Health Inc.*, No. 20CV09526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) ("[B]ecause a plaintiff maintains significant privacy rights to her medical information, courts regularly seal records protected from disclosure by HIPAA."); *Tyll v. Stanley Black & Decker Life Ins. Prog.*, No. 3:17-CV-1591 (VAB), 2020 WL 13149812, at *1 (D. Conn. Feb. 21, 2020) ("The Court granted the parties' joint motion to submit the [over 1200 page] Administrative Record for Judicial Review ('Administrative Record') under seal in order to protect the Plaintiff's and her husband's personal identifiers, medical records, and financial record."); *Offor v. Mercy Med. Ctr.*, 167 F. Supp.3d 414, 445 (E.D.N.Y. 2016) (collecting cases), *vacated in part on other grounds*, 676 Fed. Appx. 51 (2d Cir. 2017) ("Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information."). Accordingly, sealing the entire record is the most narrowly-tailored means available for protecting Plaintiff's PHI and the identity/images of other people in the surveillance videos.

In addition, the documents comprising the record are laced with references to Plaintiff's social security number, date of birth, home address and other sensitive and personally identifiable information ("PII").

In light of the sheer volume of PHI and PII spanning the Administrative Record, virtually all of the documents submitted for judicial review would need to be redacted. This would be an extremely burdensome task. Making the Administrative Record available for public inspection would serve very little, if any, public purpose and would risk significant intrusion on Plaintiff's privacy (as well as those people whose images are captured in the surveillance footage). As a practical matter, there is no less restrictive alternative available than submitting a non-redacted copy of the above-referenced documents and surveillance video footage directly to the Clerk of the Court under seal.

# Robinson+Cole

Hon. Valerie Caproni
November 21, 2025
Page 3

In light of all of the foregoing, the parties respectfully request that the Court enter an order permitting Defendant to file a non-redacted Administrative Record under seal for judicial review with the Clerk of the Court.

|  |  |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ *Jeffrey Delott* | /s/ *Matthew P. Mazzola* |
| Jeffrey Delott | Matthew P. Mazzola |
| Law Office of Jeffrey Delott | Michael H. Bernstein |
|  | Robinson & Cole LLP |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

Application GRANTED IN PART. Exhibits A, B, C, and E of the Lunemann Declaration, Dkt. 71, may be filed under seal. Exhibit D (HARTFORD 001028), however, does not appear to contain any sensitive information; accordingly, Defendant must file that Exhibit publicly or explain in greater detail why it should be filed under seal.

SO ORDERED.

11/24/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE